OPINION
{¶ 1} On September 29, 2003, Ohio State Highway Patrol Trooper W.P. Haymaker came upon an unoccupied vehicle in a ditch on Carmon Street in Perry Township, Ohio. Upon investigation, Trooper Haymaker followed footprints in the dew of the grass and discovered appellant, Timothy Lee Singer, behind a tree. Appellant denied being the driver of the vehicle. Nevertheless, Trooper Haymaker cited appellant for failure to control in violation of R.C. 4511.202 and driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1).
 {¶ 2} A jury trial commenced on December 10, 2003. The jury found appellant guilty of driving under the influence. By separate decision, the trial court found appellant guilty of failure to control. By journal entry filed December 10, 2003, the trial court sentenced appellant to one hundred eighty days in jail, ninety suspended. An additional thirty days would be suspended if appellant completed a jail alternative program.
 {¶ 3} On January 29, 2004, appellant filed leave to file a motion for new trial and motion for new trial, claiming misconduct on the part of Trooper Haymaker regarding his testimony, and newly discovered evidence. Appellant's newly discovered evidence contested the existence of dew on the grass at the scene. By judgment entry filed February 2, 2004, the trial court denied the motions without hearing.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The trial court erred in denying defendant/appellant's motion for new trial and defendant/appellant's motion for leave to file motion for new trial pursuant to the Ohio rules of criminal procedure, Rule 33."
 I {¶ 6} Appellant claims the trial court erred in denying him leave to file a motion for new trial and his motion for new trial. Specifically, appellant claims he should have been granted a new trial pursuant to Crim.R. 33(A)(2), misconduct of a witness, and/or Crim.R. 33(A)(6), newly discovered evidence. We disagree.
 {¶ 7} The granting of a new trial lies in the trial court's sound discretion. State v. Petro (1974), 148 Ohio St. 505. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. The proper standard for determining whether the trial court abused its discretion is governed by the Petro case wherein the Supreme Court of Ohio held the following at syllabus:
 {¶ 8} "To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. (State v.Lopa, 96 Ohio St. 410, 117 N.E. 319, approved and followed.)"
 {¶ 9} Petro also cautions appellate courts to review the issue of newly discovered evidence from the record as a whole.Petro at 508.
 {¶ 10} Appellant's motion for new trial was based upon misconduct of a state's witness, Trooper Haymaker, and newly discovered evidence. Appellant argues evidence from the United States Department of Commerce, National Oceanic and Atmospheric Administration, National Weather Service establishes that Trooper Haymaker's testimony regarding footprints in the dew could not have happened because no dew was reported at the Akron Canton Airport on the day and time in question.
 {¶ 11} Appellant also argues the weather data is newly discovered evidence because in discovery it was not disclosed that Trooper Haymaker would testify that the footprints were found in dew. The discovery disclosed that Trooper Haymaker "noticed footprints in the grass."
 {¶ 12} For the following reasons, we find the trial court did not err in denying the motion for new trial. Under Crim.R. 33(A)(2), misconduct must be shown. The fact that appellant seeks to discredit Trooper Haymaker's testimony is related to his credibility or mistaken impression of dew, not misconduct. The evidence of the footprints and their origin was not undiscoverable because the issue of dew and weather conditions were discussed during trial. T. at 40-42, 53-56, 60-63, 72. Further, it is highly unlikely the outcome would have been any different. Appellant was the only individual at the scene, he was the owner of the vehicle in the ditch, and he had the keys to the vehicle in his hand T. at 19-20, 24-25; Plaintiff's Exhibit A. Although appellant claimed someone else was driving the vehicle, he would not disclose the person's identity. T. at 23, 50-51.
 {¶ 13} The sole assignment of error is denied.
 {¶ 14} The judgment of the Massillon Municipal Court of Stark County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Massillon Municipal Court of Stark County, Ohio is affirmed.